**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ROMONA KENNARD,** )  )  **Plaintiff,** ) vs. ) )  **ROMONA KENNARD,** ) **Defendant.** ) | No. 3:16-CV-2286-G (BH) Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* case was automatically referred for full case management. Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, filed August 8, 2016 (doc. 5). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On August 8, 2016, the plaintiff filed this action against the defendant and applied for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.) By *Notice of Deficiency and Order* dated August 9, 2016, the plaintiff was advised that her IFP application did not provide enough information for a decision as to whether IFP status was appropriate because it was not completely filled out. (*See* doc. 6.) The order directed the plaintiff to submit a properly completed and signed application within fourteen days, and it specifically advised her that a failure to comply could result in the dismissal of her case. *Id.* On August 16, 2016, the plaintiff submitted correspondence describing her financial condition, but she did not submit a properly completed and signed application as ordered. (*See* doc. 7.) By *Second Notice of Deficiency and Order* dated August 17, 2016, the plaintiff was again advised that her IFP application did not provide enough information

for a decision as to whether IFP status was appropriate, directed to submit a properly completed and signed application within fourteen days, and specifically advised her that a failure to comply could result in the dismissal of her case. (*See* doc. 8.) More than fourteen days from the date of the second order have passed, but the plaintiff has not submitted a properly completed and signed application as ordered, or anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the August 9, 2016 and August 17, 2016 orders that she submit a properly completed and signed application despite a warning that failure to do so could result in dismissal of the case. She has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files a properly completed and signed motion or application to proceed *in forma pauperis* within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 12th day of September, 2016.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

　　　　A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

3